IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

      Plaintiff,

vs.                                               No. CV 18-00060 MV/SCY

STATE OF NEW MEXICO, ex rel. Risk
Management Division of the General Services
Department, The City of Rio Rancho a municipality
in the State of New Mexico, Chief of Police for
the City of Rio Rancho, Officers Donald Womble
and James Wilson, et al, Phils Pubb the Owner and
Employees Karen Faber,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL
FOR LACK OF JURISDICTION**

THIS MATTER is before the Court under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(h)(3) on the Complaint (Tort) filed by James Thor Kirk on January 18, 2018 (Doc. 1). The Court determines that it lacks subject matter jurisdiction over the Complaint and dismisses the case.

**Factual and Procedural Background**

Plaintiff James Thor Kirk is a prisoner in New Mexico state custody and incarcerated at the Guadalupe County Correctional Facility. (Doc. 1, ¶ 3). Plaintiff Kirk filed his Complaint on January 18, 2018 against Defendants "State of New Mexico ex rel. Risk Management Division of the General Services Department, The City of Rio Rancho, a municipality in the State of New Mexico, Chief of Police for the City of Rio Rancho, Officers Donald Womble and James Wilson

1

et al; Phils Pubb the Owner of and Employees Karen Faber." (Doc. 1at 1). Kirk asserts jurisdiction based on the New Mexico Tort Claims Act N.M.S.A. Chapter 41. (Doc. 1 at 1, ¶ 2).

In his Complaint, Kirk alleges that, at some time in the 1980s, two off-duty Rio Rancho police officers shot and killed Kirk's father, Edward Kevin Kirk, while drinking at Phil's Pubb in Rio Rancho. (Doc. 1 at 2). In 1988, an action was filed in the State of New Mexico, County of Bernalillo, Second Judicial District Court for the wrongful death of Edward Kevin Kirk. (Doc. 1 at 2). The wrongful death case was tried to a jury, which returned a Special Verdict in favor of the Defendants on June 28, 1990. (Doc. 1-1). In this case, Kirk seeks "reopening case #D-202-CV-1988-00881 504 pgs as a wrongful death case for the loss of my father Edward Kevin Kirk as open new case: wrongful death suit notice." Doc. 1 at 1, ¶ 1(a). At the time he filed the Complaint, Kirk also submitted a "Motion Open Wrongful Death Case (D-202-CV-00881) and SD-87-32-CR." (Doc. 3).

### Kirk's Applications to Proceed *In Forma Pauperis*

Plaintiff Kirk did not pay the filing fee for this proceeding when he filed his Complaint on January 18, 2018. Instead, Kirk filed an Application for Free Process and Affidavit of Indigency on a New Mexico state court form. (Doc. 2). Noting that the Application was not in proper form, the Court entered an Order to Cure Deficiency directing Plaintiff Kirk to either pay the filing fee or submit an Application to proceed *in forma pauperis* under 28 U.S.C. § 1915 in proper form. (Doc. 4). On January 31, 2018, Kirk filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 5).

Plaintiff Kirk is a frequent litigant in this Court.[1] All of Kirk's prior cases have been dismissed on a variety of grounds, including at least four dismissals of civil rights cases for failure to state a claim upon which relief can be granted. As a result, the Court has imposed three "strikes" against Kirk under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Kirk v. Winn,* No. CV 17-00864 JB/GJF; *Kirk v. Flores*, No. CV 16-00270 JB/SCY; *Kirk v. New Mexico State Police,* No. CV 14-01027 MV/KK; *Kirk v. Valencia County Detention Center,* No. CV 14-00891 JCH/SCY. Kirk may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff Kirk has been given prior notice that he may not proceed without prepaying fees and costs unless he is in imminent danger of physical injury. *Kirk v. Winn,* No. CV 17-00864 JB/GJF, Doc. 11). Neither the Application for Free Process and Affidavit of Indigency (Doc. 2) nor the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) alleges that Kirk is in any danger of physical injury. The Court will deny his Application for Free Process (Doc. 2) and Application to Proceed (Doc. 5) under the three-strikes provision 28 U.S.C. § 1915(g).

**The Court Lacks Subject Matter Jurisdiction Over Kirk's Claims**

The federal district courts are courts of limited jurisdiction and possess only the power granted to them by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The issue of subject matter jurisdiction may be raised *sua sponte* by the Court

---

[1] In addition to this lawsuit, Kirk has previously filed six civil rights cases under 42 U.S.C. § 1983 and three petitions for writ of habeas corpus under 28 U.S.C. § 2254. *See Kirk v. University of New Mexico Hospital,* No. CV 12-01157 JAP/WPL; *Kirk v. Valencia County Detention Center,* No. CV 14-00891 JCH/SCY; *Kirk v. New Mexico State Police,* No. CV 14-01027 MV/KK; *Kirk v. Flores,* No. CV 15-00736 JCH/LF; *Kirk v. Flores*, No. CV 16-00270 JB/SCY; *Kirk v. Winn,* No. CV 17-00864 JB/GJF; *Kirk v. Marcantel,* No. CV 14-00976 JCH/CG; *Kirk v. Marcantel,* No. CV 15-00614 MV/KBM; and *Kirk v. Jablonski,* No. CV 17-01050 JCH/CG.

at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir.1988). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action under Fed.R.Civ.P. 12(h)(3).

The federal district courts have subject matter jurisdiction over two types of proceedings. First, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second the courts "have original jurisdiction of all civil actions . . .between citizens of different States." 28 U.S.C. § 1332(a). Plaintiff Kirk's claims do not fall within either area of the Court's subject matter jurisdiction.

First, Kirk does not allege any claim of violation of his rights under the Constitution, laws, or treaties of the United States. Although he makes reference to "wrongful death rights per Constitutional Amendments Articles IV, V, VI, VII, XIV," there are no wrongful death rights under the United States Constitution separate and apart from violation of a federal constitutional right. Instead, in New Mexico, an action to recover damages for wrongful death proceeds under the New Mexico Wrongful Death Act, N.M.Stat.Ann. § 41-2-1, et seq. The Wrongful Death Act is the exclusive remedy for recovery of wrongful death damages and Kirk must proceed in state court on any wrongful death claim. *Stang v. Hertz Corp.,* 81 N.M. 69, 72–73, 463 P.2d 45, 48–49 (1969); *Romero v. Byers*, 117 N.M. 422, 427, 872 P.2d 840, 845 (1994). The exclusive remedy for Plaintiff's Kirk's request to reopen and recover damages for the wrongful death of his father is the New Mexico Wrongful Death Act and his claims present no federal question within the Court's original jurisdiction under 28 U.S.C. § 1331.

Kirk's allegations similarly do not present any claim within the Court's diversity jurisdiction. Instead, the allegations of his Complaint establish that Plaintiff Kirk and all of the

named Defendants are citizens of the State of New Mexico. (Doc. 1 at 1-2). Kirk's claims are not "between citizens of different States" and the Court lacks diversity jurisdiction over his claims. 28 U.S.C. § 1332. The Court determines that it lacks subject matter jurisdiction over Kirk's Complaint. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. at 377.

Rule 12(h)(3) of the Federal Rules of Civil Procedure states "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court **must** dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added). Therefore, the Court will dismiss Plaintiff Kirk's Complaint without prejudice.

## **The Court Will Not Grant Leave to Amend**

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because the Court will never have subject matter jurisdiction over Kirk's wrongful death claims, any amendment of his claims would be futile and the Court will not grant leave to amend.

Kirk has filed two documents, "Facts of the Case" (Doc. 6) and "Brief" (Doc. 7), in which he addresses matters wholly unrelated to his claims as asserted in the Complaint. To the extent his filings can be construed as a request to amend his Complaint, the Court will deny the request under Fed. R. Civ. P. 15(a)(2) as not in the interests of justice and without prejudice to his right to assert those matters in a separate lawsuit.

**IT IS ORDERED:**

(1) Plaintiff James Thor Kirk's Application for Free Process and Affidavit of Indigency (Doc. 2) and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 5) are **DENIED;**

(2) Plaintiff Kirk's "Motion Open Wrongful Death Case (D-202-CV-00881) and SD-87-32-CR" (Doc. 3) is **DENIED**; and

(3) the Complaint (Tort) filed by James Thor Kirk on January 18, 2018 (Doc. 1) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE